IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTINA GUTIERREZ,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | **CIVIL ACTION NO.** |
| § | | **1:18-cv-00642** |
| **WAL-MART STORES TEXAS, LLC,** § | | |
| § | | |
| Defendant. § | | |
| § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW CHRISTINA GUTIERREZ, Plaintiff herein, and files this Original Complaint against WAL-MART STORES TEXAS, LLC, Defendants, and for cause of action would respectfully show the Court the following:

A. Parties

1. CHRISTINA GUTIERREZ is an individual who is a citizen of the state of Texas.

2. WAL-MART STORES TEXAS, LLC, (hereafter sometimes referred to as "WAL-MART" or "Defendant") is a Delaware Limited Liability Company doing business in the State of Texas and may be served with process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, by private process.

## B. Jurisdiction

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. Venue

4. The Western District of Texas, Austin Division, is the proper venue for the Plaintiff to file this complaint, pursuant to 28 U.S.C. 1391(a)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in and around Kyle, Hays County, Texas.

## D. Conditions Precedent

5. All conditions precedent have been performed or have occurred. Fed.R.Civ.P. 9(c).

## E. Facts

6. Plaintiff's claims concern an incident that occurred on or about July 31, 2016, which resulted in injuries and damages to Plaintiff, CHRISTINA GUTIERREZ.

7. On or about JULY 31, 2016, during normal business hours, Plaintiff entered the Defendant's business premises, Wal-Mart Supercenter Store #4130, located at 5754 Kyle Parkway, Kyle, Texas 78640. Defendant extended an open invitation to the public, including Plaintiff to enter the premises and purchase goods and services being sold by the Defendant. Plaintiff entered the premises for the purpose of purchasing goods at said Defendant's facility. Accordingly, Plaintiff was a business invitee to whom Defendant owed the duty to use ordinary care in making its premises reasonably safe and/or warning the Plaintiff of any dangerous conditions and/or activities existing upon said premises.

On the occasion in question, the Plaintiff slipped on a clear liquid puddle next to one of the trashcans the Defendant had placed in the aisles of the market section of the store. The Defendant's employees had actual or constructive notice of the unreasonably dangerous condition.

### F.  The Negligence of Defendant, Wal-Mart Stores Texas, LLC

8.   The conduct of the Defendant, as more particularly described herein, by and through the actions of its employees, constituted negligence, which was a proximate cause of the incident and the damages sustained by Plaintiff. Defendant breached the following duties that it owed to Plaintiff as a result of the following acts and omissions:

   a.   Failing to do what a person of ordinary prudence in the same or similar circumstances would have done or not done;

   b.   Failing to take ordinary care to ensure it premises were free of dangerous conditions for the safety of its invitees;

   c.   Failing to warn Plaintiff of the risk;

   d.   Failing to implement proper policies, rules, and/or procedures to ensure the safety of the premises;

   e.   Failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe; and

   f.   Failure to follow its own company policies and procedures.

9.   Wal-Mart's above-described conduct, by act or omission, and whether considered singularly or in some combination, constituted negligence which was a proximate cause of the incident and the damages sustained by Plaintiff.  Plaintiff is entitled to an award of compensatory damages from Wal-Mart because of the negligence which was a proximate cause of the incident that caused the injuries and damages sustained by Plaintiff.

### G. Respondeat Superior

10. Whenever in this Petition it is alleged that Defendant committed any acts of omissions, it is meant that this Defendant's officers, agents, servants, employees, or representatives committed such acts or omissions, and that at the time such acts or omissions were committed, it was done with the full authorization or ratification of this Defendant or was done in the normal and routine course and scope of employment of this Defendant's officers, agents, servants, employees, or representatives.

11. At all times material, the persons who proximately caused the incident in question and Plaintiff's damages were acting in the course and scope of their employment with Defendant. Accordingly, Defendant is vicariously liable for the damages caused by its employees pursuant to the doctrine of *respondeat superior*.

### **H. Damages**

12. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered the following injuries and damages:

    a. Medical, hospital, and pharmaceutical charges and expenses in the past;

    b. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

    c. Lost wages in the past;

    d Loss of wage earning capacity that, in reasonable probability, will be incurred in the future;

    e. Physical pain and suffering in the past;

    f. Physical pain and suffering that, in reasonable probability, will be suffered in the future;

    g. Mental anguish suffered in the past;

    h. Mental anguish that, in reasonable probability, will be suffered in the future;

    i. Physical disability and impairment in the past; and

j.  Physical disability and impairment that, in reasonable probability, will occur in the future.

13. Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of the Defendant, the Plaintiff pleads for actual damages in an amount that the jury deems reasonable under the circumstances which is within the jurisdictional limits of the Court.

### I. Jury Demand

14. Plaintiff respectfully requests that all issues be decided through trial by jury.

### J. Prayer

15. For these reasons, Plaintiff asks for judgment against the Defendant for the following:

   A.  Actual damages;
   B.  Prejudgment and post judgment interest;
   C.  Costs of suit; and
   D.  All other relief the court deems appropriate.

Respectfully submitted,

By: /s/ Robert L. Ranco
CHRISTOPHER MORROW
State Bar No. 00791307
E-Mail: chris@komieandmorrow.com
ROBERT L. RANCO
State Bar No. 24029785
E-Mail: robert@komieandmorrow.com
Komie and Morrow, LLP
7703 N. Lamar Blvd., Suite 410
Austin, Texas 78752
Telephone (512) 338-0900
Facsimile (512) 338-0902
ATTORNEYS FOR PLAINTIFF